```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION


ANNIE CHATMAN                                          PLAINTIFF

VS.                        CIVIL ACTION NO. 5:11-cv-69(DCB)(MTP)

PFIZER, INC.; WYETH, LLC;
SCHWARZ PHARMA, INC.; PLIVA, INC.;
RANBAXY PHARMACEUTICALS, INC;
TEVA PHARMACEUTICALS USA, INC.;
BARR PHARMACEUTICALS, LLC                             DEFENDANTS
```

## AMENDED MEMORANDUM OPINION AND ORDER

The Court, <u>sua sponte</u>, amends its Memorandum Opinion and Order dated March 27, 2013 (docket entry 90).  The Court revisits its previous Opinion pursuant to this Court's Order Granting in Part and Denying in Part Motion to Stay (docket entry 96) pending the appeal to the Fifth Circuit Court of Appeals by the plaintiff in <u>Lashley v. Pfizer, Inc.</u>, 877 F.Supp.2d 466 (S.D. Miss. 2012), and in light of the Fifth Circuit's decision in <u>Lashley v. Pfizer, Inc.</u>, 750 F.3d 470 (5th Cir. 2014).

The Court's March 27, 2013, Memorandum Opinion and Order (docket entry 90) addressed a motion for summary judgment pursuant to Fed.R.Civ.P. 56, filed by Pfizer, Wyeth and Schwarz Pharma ("the Brand Defendants"); and a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), filed by defendants Pliva, Ranbaxy[1], Teva and Barr ("the Generic Defendants").

---

[1] Defendant Ranbaxy was inadvertently omitted from the Court's original Memorandum Opinion and Order, but was added by a Supplemental Order dated March 28, 2013 (docket entry 91).

The Memorandum Opinion and Order granted the Generic Defendants' motion to dismiss.  The Brand Defendants' summary judgment motion was granted in part and denied in part.  The Court noted that the Brand Defendants could be liable to Chatman if she took the brand-name drug (Reglan) manufactured by the Brand Defendants; however, she took the generic equivalent (metoclopramide) manufactured by the Generic Defendants; therefore, the plaintiff's claims under the Mississippi Products Liability Act ("MPLA") were foreclosed by Mississippi law.  Chatman v. Pfizer, Inc., 960 F.Supp.2d 641, 650-51 (S.D. Miss. 2013).

Chatman also sought to impose liability on the Brand Defendants based on misrepresentation in connection with the Reglan-metoclopramide labeling (a theory known as "innovator" liability).  This theory was rejected by District Judge Halil S. Ozerden in Lashley, 877 F.Supp.2d at 471-73.  In Lashley, the plaintiff also took metoclopramide, not Reglan.  Judge Ozerden found that Lashley's claims against the Brand Defendants for failure to warn, strict liability, misrepresentation and negligence all depended on the adequacy of the warning, and that "'[i]f the warnings provided health care practitioners, through the PDR [Physicians Desk Reference], package inserts, and detail men[2] were

---

[2] "Detail men," part salesmen and part educators, are dispatched by drug manufacturers to speak with health care providers about their employers' products.  Swayze v. MacNeil Laboratories, Inc., 807 F.2d 464, 467 (5th Cir. 1987).

2

adequate, then the drug was not unreasonably dangerous, and the defendant's conduct was neither unreasonable nor negligent.'" Id. at 471-72 (quoting Swayze v. MacNeil Laboratories, Inc., 807 F.2d 464, 467 (5th Cir. 1987)).

Judge Ozerden further noted that federal statutes and regulations govern labeling requirements for prescription medications, and that the FDA regulates and approves both brand-name prescription medications labels and generic brand medication labels. Id. at 472. "A manufacturer seeking federal approval for a new drug must first prove that it is safe and effective, and that the proposed label is both accurate and adequate." Id. (citations omitted). The court thus concluded that the Brand Defendants were entitled to summary judgment on the plaintiff's claims for failure to warn, negligence, strict liability and misrepresentation. Id. at 473.

While acknowledging Lashley and the overwhelming majority of district courts rejecting the "innovator" theory, this Court found that the Mississippi Supreme Court, in Lawson v. Honeywell Int'l, Inc., 75 So.3d 1024 (Miss. 2011), appeared to sanction "designer" liability, akin to the "innovator" theory of liability advanced by Chatman. In Lawson, the plaintiff was involved in an automobile accident and alleged that her injuries were caused by her seatbelt buckle malfunctioning. The seatbelt buckle was designed by Honeywell. Because Honeywell did not manufacture or "produce" the

seatbelt buckle, the Mississippi Supreme Court found that Honeywell did not fall within the scope of the MPLA.  Id. at 1029.  The supreme court further found that because Honeywell was a "nonmanufacturing designer" the MPLA did not preclude or "subsume" other claims against it.  Id. at 1030.

Based on Lawson, this Court found that Chatman "may maintain her misrepresentation claims against the Brand Defendants even though they did not manufacture the product that contributed to her injury."  Chatman, 960 F.Supp.2d at 653.  The Court further found that whether the Brand Defendants owed some sort of duty to Chatman depended on whether the plaintiff was alleging misrepresentations of misfeasance or of nonfeasance.  Id. at 655.  "[U]nder Mississippi law the existence of a duty depends upon the nature of the parties' relationship only if Chatman is alleging that she was harmed not because of what the Brand Defendants did communicate to her, i.e., misfeasance, but because of what the Brand Defendants failed to communicate to her, i.e., nonfeasance."  Id. at 657 (citing Jowers v. BOC Group, Inc., 2009 WL 995613 *4 (S.D. Miss. April 14, 2009) aff'd in part, vacated in part on other grounds, and remanded sub nom., Jowers v. Lincoln Elec. Co., 617 F.3d 346 (5th Cir. 2010)).

However, the Fifth Circuit decision in Lashley forecloses this line of reasoning.  First, the Court of Appeals held that Mississippi products liability law shielded the brand manufacturers

4

"from liability for products they did not create." Lashley, 570 F.3d at 476 (citing Miss. Code Ann. § 11-1-63). Second, the Fifth Circuit held that "because Appellants did not ingest the brand manufacturers' products, these defendants have no common-law duty to them. Id. The Fifth Circuit explained:

> The Mississippi Products Liability Act ("MPLA") applies "in any action for damages caused by a product" and requires a plaintiff to prove that it was the defendant's product that caused the injury. Miss. Code Ann. § 11-1-63; see also Monsanto v. Hall, 912 So.2d 134, 136-37 (Miss. 2005). Lashley argues that the Pfizer brand defendants are not "manufacturers or sellers" of the product, relying on a Mississippi case holding that "the MPLA does not preclude claims against defendants who are neither manufacturers or sellers" of a defective product. Lawson v. Honeywell Int'l, Inc., 75 So.3d 1024, 1030 (Miss. 2011). This argument fails because brand defendants are, indeed, manufacturers - and were they not, there would be no relationship on which to presume liability (since they did not design the drug). In any event, because Lashley did not ingest the Pfizer brand defenants' products, he has not established a duty. Moore ex rel. Moore v. Miss. Valley Gas Co., 863 So.2d 43, 46 (Miss. 2003)("[I]t is incumbent upon the plaintiff in any products liability action to show that the defendant's product was the cause of the plaintiff's injuries."); see also Demahy [v. Schwarz Pharma, Inc.], 702 F.3d [177] at 183 n.4 ("[E]ven if the [Louisiana Products Liability Act] did not apply, [plaintiff's] tort claims would fail since [defendants] did not manufacture the generic product giving rise to [plaintiff's] claims, and thus owed [plaintiff] no duty of care."); Smith v. Wyeth, Inc., 657 F.3d 420, 424 (6th Cir. 2011)("As have the majority of courts to address this question, we reject the argument that a name-brand drug manufacturer owes a duty of care to individuals who have never taken the drug actually manufactured by that company.").

Id., at 476-77 (footnote omitted).

The Fifth Circuit thus rejected the very claim put forward by Chatman and explored by this Court in its previous Memorandum

Opinion and Order.  This Court must follow the guidance of the Fifth Circuit unless a subsequent state court decision or statutory amendment renders the federal court of appeals' interpretation clearly wrong.  See Hughes v. Tobacco Institute, Inc., 278 F.3d 417, 421 (5th Cir. 2001)(citing Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995)).  Given that there have been no such subsequent decisions or amendments since Lashley was decided, this Court must and shall follow the Fifth Circuit's interpretation of state law.

The Court therefore modifies its Memorandum Opinion and Order of March 27, 2013, to find that Chatman's state-law misrepresentation claims do not survive the Brand Defendants' motion for summary judgment (docket entry 72).  In light of the foregoing,

IT IS HEREBY ORDERED that the Generic Defendants' Motion for Judgment on the Pleadings (docket entry 70) is GRANTED, as previously ordered on March 27, 2013, and all claims against Generic Defendants Pliva, Inc., Barr Laboratories, Inc., Teva Pharmaceuticals USA, Inc., and Ranbaxy Pharmaceuticals, Inc., are dismissed with prejudice;

FURTHER ORDERED that the Brand Defendants' Motion for Summary Judgment (docket entry 72) is GRANTED inasmuch as Chatman has alleged claims against the Brand Defendants under the MPLA or other common-law products liability theories, as previously ordered; and

6

GRANTED inasmuch as Chatman has alleged state-law misrepresentation claims against the Brand Defendants, as set forth herein; therefore, all claims against Pfizer, Inc., Wyeth, LLC, and Schwarz Pharma, Inc., are dismissed with prejudice;

FURTHER ORDERED that inasmuch as summary judgment has now been granted as to all claims against the Brand Defendants, and judgment on the pleadings has been granted as to all claims against the Generic Defendants, a Final Judgment shall issue dismissing this case with prejudice.

SO ORDERED, this the 11th day of September, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE